**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

VALERIE CARUSO,

Plaintiff,

vs.

TACO BELL OF AMERICA, LLC, a Delaware Limited Liability Company; TAYLOR FRESH FOODS, INC., a Delaware Corporation; TAYLOR FARMS CALIFORNIA, INC., a Delaware Corporation; and JOHN DOE CORPORATIONS 1-5,

Defendants.

Case No.: 1:26-cv-1661

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL DEMANDED)**

NOW comes Plaintiff VALERIE CARUSO (hereinafter "Plaintiff"), by and through her attorneys of record, Alexander Darr, of Darr Law LLC, and William D. Marler of Marler Clark, Inc., PS (*pro hac vice* forthcoming), and alleges as follows:

## I. PARTIES

1. Plaintiff Valerie Caruso is now, and was at all times material to this Complaint, an adult resident and citizen of Geneva, Ashtabula County, Ohio.

2. Defendant Taco Bell of America, LLC (hereinafter "Taco Bell") is, and was at all times material to this Complaint, a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, none of the members of Taco Bell of



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

America, LLC are citizens of Ohio, and the sole member is Taco Bell Corporation–a corporation organized under the laws of California with a principal place of business at 1 Glen Bell Way; Irvine, California. At all times material to this Complaint, Taco Bell owned and operated the Taco Bell restaurant located at 2807 Sidley Court, Austinburg, Ohio 44010 (the "Subject Restaurant"), where it manufactured, prepared, and sold the food products described herein.

3. Defendant Taylor Fresh Foods, Inc. (hereinafter "Taylor Fresh") is, and was at all times material to this Complaint, a corporation organized and existing under the laws of the State of Delaware, with its headquarters in Salinas, California. At all times material to this Complaint, Taylor Fresh, acting either alone or jointly with Defendant Taylor Farms California, Inc., grew, processed, manufactured, packaged, supplied, and distributed the fresh iceberg lettuce products, including the shredded iceberg lettuce supplied to Taco Bell restaurants, that caused Plaintiff's illness and injuries.

4. Defendant Taylor Farms California, Inc. (hereinafter "Taylor Farms") is, and was at all times material to this Complaint, a corporation organized and existing under the laws of the State of Delaware, with its headquarters located at 150 Main Street, Suite 500, Salinas, California 93901. At all times material to this Complaint, Taylor Farms, acting either alone or jointly with Defendant Taylor Fresh, grew, processed, manufactured, packaged, supplied, and distributed the fresh iceberg lettuce products, including the shredded iceberg lettuce supplied to Taco Bell restaurants, that caused Plaintiff's illness and injuries.

5. Defendants John Doe Corporations 1-5, whose identities are currently unknown, are the manufacturers, distributors, importers, packagers, brokers, suppliers, and/or growers of the food products and/or their constituent ingredients that caused Plaintiff's illness, as well as the illnesses of other individuals sickened as a result of the subject outbreak. These Defendants are



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

in some manner responsible for the acts, occurrences, and transactions set forth herein and/or are the partners and/or alter ego(s) of the Defendants named herein, and are therefore legally liable to Plaintiff. Plaintiff will set forth the true names and capacities of the fictitiously named Doe Defendants, together with appropriate specific charging allegations, when ascertained.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff is a citizen of Ohio; Defendant Taco Bell of America is a citizen of California (due to Taco Bell Corporation's citizenship); and Defendants Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. are citizens of the State of Delaware, where they are incorporated, and of the State of California, where they maintain their principal places of business. On information and belief, none of the John Doe Corporations 1-5 is a citizen of the State of Ohio. Complete diversity of citizenship therefore exists between Plaintiff and all Defendants.

7. This Court has personal jurisdiction over Defendants because Defendants transacted business within the State of Ohio, including the manufacture, preparation, and sale of food products to consumers in this State, and committed the tortious acts giving rise to this action within the State of Ohio, specifically within Ashtabula County.

8. Venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including the manufacture, preparation, and sale of the contaminated food products that Plaintiff consumed, and Plaintiff's resulting injuries.



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

## III. FACTUAL ALLEGATIONS

### A. The 2026 Multistate Cyclosporiasis Outbreak

9. On July 14, 2026, the Centers for Disease Control and Prevention ("CDC") issued a Health Alert Network Health Advisory (CDCHAN-00531) notifying clinicians, public health practitioners, and laboratorians of domestically acquired cyclosporiasis cases in multiple U.S. states. According to the CDC, since May 1, 2026, it had received reports of 1,645 confirmed domestic cases of cyclosporiasis and was aware of more than 5,100 additional cases requiring further analysis to confirm as domestically acquired — nearly 7,000 people nationwide. This total is substantially higher than the 249 cases reported nationally during the same period in 2025.

10. According to the CDC, the 1,645 lab-confirmed cases were reported by 34 states. The affected case-patients ranged in age from 2 to 95 years, with a median age of 44 years. Of the case-patients with available information, 141 (9%) were hospitalized. The CDC has recognized that, because cyclosporiasis is often underdiagnosed and underreported, the true number of illnesses is likely higher than the number reported.

11. Also on July 14, 2026, the CDC posted an outbreak investigation notice reporting that, as of July 13, 2026, more than 400 people infected with *Cyclospora* had been reported to the CDC from four states — Michigan, Ohio, West Virginia, and Kentucky — in connection with a single multistate outbreak that appears to be epidemiologically linked, suggesting a common source of infection. Sick people in that outbreak reported the onset of symptoms on or after June 22, 2026.

12. The CDC, the U.S. Food and Drug Administration, and state and local health departments have been working together to investigate the multistate outbreak and to identify the source of illness. Previous cyclosporiasis outbreaks have repeatedly been linked to the



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

consumption of contaminated fresh produce, including leafy greens and fresh herbs. Public health officials in Michigan have identified lettuce or salad greens as a likely source of the multistate outbreak.

13. In early July 2026, Taco Bell restaurants in Michigan and elsewhere posted signs at their counters informing customers that the chain could no longer serve lettuce, cilantro, onion, pico de gallo, or guacamole. Thereafter, as reported in the national press, federal and state health officials confirmed that they were investigating whether food products served at Taco Bell restaurants played a role in the multistate cyclosporiasis outbreak. The ingredients withdrawn by Taco Bell — lettuce, cilantro, onions, and the fresh produce used in its pico de gallo and guacamole — are among the fresh produce items historically implicated in *Cyclospora* outbreaks.

**B. The Taylor Defendants Supplied the Contaminated Iceberg Lettuce Used by Taco Bell**

14. As part of the ongoing investigation into the 2026 multistate cyclosporiasis outbreak, public health investigators identified fresh iceberg lettuce served at Taco Bell restaurants as a source of the outbreak and identified the Taylor Defendants as the growers, processors, and suppliers of that lettuce. The Taylor Defendants grew, processed, packaged, and distributed the shredded iceberg lettuce that was supplied to Taco Bell restaurants and that is linked to the outbreak.

15. The iceberg lettuce supplied by the Taylor Defendants was distributed to Taco Bell restaurants in Indiana, Kentucky, Michigan, Ohio, and West Virginia, including the Subject Restaurant in Ohio at which Plaintiff purchased and consumed the lettuce. Following the identification of the implicated lettuce, Taco Bell removed the lettuce from its supply chain nationwide.



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

### C. Cyclosporiasis and Cyclospora Infection

16. Cyclosporiasis is a gastrointestinal illness caused by the microscopic parasite *Cyclospora cayetanensis*. People become infected by consuming food or water contaminated with the parasite. The illness is not usually spread directly from person to person. Case counts typically rise during the spring and summer months, and the CDC considers May 1 through August 31 to be the annual cyclosporiasis season. Previous outbreaks have been linked to consuming contaminated fresh produce.

17. Symptoms of cyclosporiasis typically begin about one week after exposure, with onset ranging from 2 to 14 days after being exposed. The most common symptoms include frequent, watery diarrhea, along with loss of appetite, weight loss, bloating, nausea, and fatigue. Less common symptoms include low-grade fever and vomiting. Without treatment, symptoms can follow a remitting-relapsing course that can last from a few days to a month or longer.

18. Laboratory detection of *Cyclospora* in stool can be challenging even in symptomatic patients, and standard ova-and-parasite examinations may not detect it reliably; specific diagnostic testing for *Cyclospora* must be requested. The recommended treatment for confirmed cyclosporiasis is a 7-to-10-day course of trimethoprim-sulfamethoxazole, sold under the brand name Bactrim. Illness can be severe, and complications can include malabsorption, cholecystitis, and reactive arthritis.

19. Cyclosporiasis is entirely preventable through proper food-safety practices. Because *Cyclospora* contamination originates in the field and water before produce reaches the point of sale, and because chemical disinfection or ordinary washing may not fully eliminate the parasite, the burden of preventing cyclosporiasis rests on those who grow, handle, distribute, and sell fresh produce and the foods made from it.



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

**D. Plaintiff's Injuries**

20. On June 3, 2026, Plaintiff purchased and consumed food prepared and sold by the Subject Restaurant. Specifically, Plaintiff purchased and consumed Chips and Nacho Supreme Dip, a Shredded Beef Dipping Taco, and a Crunchy Taco Supreme.

21. On June 15, 2026, Plaintiff again purchased and ate food prepared and sold by the Subject Restaurant. Specifically, Plaintiff purchased and consumed a Crunchy Taco, a Crunchy Taco Supreme, Cinnamon Twists, and a Shredded Beef Dipping Taco.

22. On June 24, 2026, Plaintiff again purchased and ate food prepared and sold by the Subject Restaurant. Specifically, Plaintiff purchased and consumed a Chalupa Supreme, Pintos N Cheese, Enchirito, and Cinnamon Sugar Churros.

23. Each of Plaintiff's three meals prepared and sold by the Subject Restaurant contained fresh produce, including iceberg lettuce, which Plaintiff consumed as part of her meals.

24. Plaintiff maintains a very limited diet. During the period relevant to the incubation of her infection, her consumption of fresh produce was limited, and among her only exposures to fresh produce, including iceberg lettuce, were those items she consumed which were prepared and sold by the Subject Restaurant.

25. On or about June 24, 2026—a period consistent with the incubation period for cyclosporiasis—Plaintiff began experiencing symptoms of a *Cyclospora* infection, including diarrhea and an upset stomach.

26. Plaintiff's symptoms continued and worsened over the following weeks. Her symptoms included vomiting, stomach pain, lack of appetite, weight loss, and continued diarrhea.

27. On July 2, 2026, Plaintiff provided a stool sample which resulted positive for *Cyclospora* on July 7, 2026.



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

28. On July 10, 2026, the Ashtabula County Health Department contacted Plaintiff in connection with its investigation of the cyclosporiasis outbreak and requested that Plaintiff provide a one-month history of the foods she had eaten.

29. The recommended treatment for cyclosporiasis is trimethoprim-sulfamethoxazole (Bactrim). Because Plaintiff is allergic to that medication, she was unable to take it and, upon its being offered to her, declined it. Plaintiff was thereby deprived of the standard course of treatment for her infection. Plaintiff was instead prescribed Nitazoxanide, and as of this Complaint continues with this course of treatment for her infection.

30. As a direct and proximate result of her *Cyclospora* infection, Plaintiff suffered physical illness, pain, and suffering, a diminished working capacity, and other injuries. Plaintiff's recovery is ongoing.

## IV. CAUSES OF ACTION

### COUNT I
### Strict Product Liability (Ohio Product Liability Act, ORC § 2307.71, *et seq.*)

31. By this reference, Plaintiff incorporates the foregoing paragraphs as if each were set forth here in its entirety.

32. At all times relevant to this action and the allegations in this Complaint, Defendants were manufacturers and/or suppliers within the meaning of the Ohio Product Liability Act, ORC § 2307.71, *et seq.*

33. Defendants manufactured, supplied, and sold the food product contaminated with *Cyclospora* that caused Plaintiff's illness and injuries.

34. The Cyclospora-contaminated food product that caused Plaintiff's injuries was a "product" within the meaning of ORC § 2307.71(A)(12)(a).



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

35. The food product that caused Plaintiff's injuries was, at the time it left Defendants' control, defective within the meaning of ORC § 2307.73(A)(1). More specifically, the food product was unreasonably dangerous for its ordinary and expected use because it was contaminated with *Cyclospora cayetanensis*, a pathogenic parasite.

36. The food product was sold to Plaintiff without any change in its defective condition, and the food product was used in the manner expected and intended, i.e., human consumption.

37. Plaintiff's injuries occurred as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that was manufactured, supplied, and sold by Defendants.

**COUNT II**
**Ohio Consumer Sales Practices Act, ORC § 1345.01, *et seq.***

38. By this reference, Plaintiff incorporates the foregoing paragraphs as if each were set forth here in its entirety.

39. Defendants are "suppliers" as that term is defined in ORC § 1345.01(C).

40. Plaintiff is a "consumer" as that term is defined in ORC § 1345.01(D).

41. Defendants' acts and practices, as described above, were unfair or deceptive acts or practices in connection with a consumer transaction, in violation of ORC § 1345.02, in that Defendants, among other things, represented that the food that they manufactured, prepared, and sold, and that caused Plaintiff's *Cyclospora* infection and related injuries:

a. had performance characteristics, uses, or benefits that it did not have;

b. was of a particular standard or quality that it was not; and

c. had been supplied in accordance with a previous representation when it had not.



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

42. As a direct and proximate result of Defendants' violations of the Ohio Consumer Sales Practices Act, ORC § 1345.01, *et seq.*, Plaintiff is entitled to damages as set forth in ORC § 1345.09, including Plaintiff's trebled actual economic damages and, to the extent permitted by ORC § 1345.09, noneconomic damages, together with attorneys' fees and costs.

**COUNT III**
**Breach of Warranty (Uniform Commercial Code, ORC § 1302.01, *et seq.*)**

43. By this reference, Plaintiff incorporates the foregoing paragraphs as if each were set forth here in its entirety.

44. Defendants are "sellers" and "merchants" as those terms are defined in ORC § 1302.01(A)(4) and (5).

45. Defendants made express and/or implied warranties about the food that they manufactured, prepared, and sold, and that caused Plaintiff's *Cyclospora* infection and related injuries, including, but not limited to, the following:

a. affirmations of fact or promise which related to the goods and became part of the basis of the bargain;

b. descriptions of the goods that became part of the basis of the bargain;

c. that the food items were merchantable, as defined in ORC § 1302.27, in that they would pass without objection in the trade, were fit for the ordinary purpose for which they were sold, were adequately contained, packaged, and labeled, and conformed to promises or affirmations of fact on the container; and

d. that the food items were fit for the particular purpose for which they were purchased, as defined in ORC § 1302.28, in that Defendants had reason to know



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

that they would be consumed, and that Plaintiff would rely on Defendants' skill or judgment to furnish suitable goods.

46. Defendants breached the express and/or implied warranties they made because they manufactured, prepared, and sold food items that caused Plaintiff's *Cyclospora* infection and related injuries.

47. As a direct and proximate result of Defendants' breaches of express and/or implied warranties, Plaintiff is entitled to damages.

## V. DAMAGES

48. Plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of Defendants, in an amount that shall be fully proven at the time of trial. These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; past medical and medical-related expenses; future medical and medical-related expenses; travel and travel-related expenses, both past and future; emotional distress, past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental, or consequential damages that would, or could, be reasonably anticipated to arise under the circumstances.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a. For compensation for all general, special, incidental, and consequential damages suffered by Plaintiff as a result of Defendants' conduct;

b. For statutory damages, including treble damages, under the Ohio Consumer Sales Practices Act, as well as reasonable attorneys' fees and costs under ORC § 1345.09(F)(2);



MARLER CLARK
THE FOOD SAFETY LAW FIRM
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
(800) 884-9840
bmarler@marlerclark.com

c. For statutory prejudgment interest;

d. For reasonable attorneys' fees and costs, to the fullest extent allowed by law; and

e. For all such additional and further relief as this Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED July 17, 2026.

By: /s/ Alexander Darr
Alexander Darr (0087102)
DARR LAW LLC
1391 W. 5th Ave., Ste. 313
Columbus, Ohio 43212
Telephone: (614) 465-3277
Facsimile: (855) 225-3277
Alex@Darr.Law

*Counsel for Plaintiff*

By: /s/ William D. Marler
William D. Marler, WSBA #17233
(*pro hac vice* motion forthcoming)
MARLER CLARK, INC., PS
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
Telephone: (206) 346-1888
Email: bmarler@marlerclark.com

*Counsel for Plaintiff*